**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **MICHAEL E. HARPER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 6:16-CV-00019-C** |
| | § | |
| **WOODMEN OF THE WORLD** | § | |
| **LIFE INSURANCE SOCIETY,** | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## PLAINTIFF'S APPENDIX IN OPPOSITION TO DEFENDANT'S MOTION TO STAY AND COMPEL ARBITRATION

Respectfully submitted,


_____/s/ Holly B. Williams_____
By:    Holly B. Williams
         State Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800; 432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEYS FOR PLAINTIFF
MICHAEL E. HARPER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2016, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Thomas W. Fee
Randall W. Miller
Fee, Smith, Sharp & Vitullo, LLP
13155 Noel Rd, Ste 1000
Dallas, TX 75240-5019
tfee@feesmith.com
rmiller@feesmith.com

/s/ Holly B. Williams
Holly B. Williams

## **TABLE OF CONTENTS**

EXHIBIT                                                                                        PAGE NO.

A.        Declaration of Michael E. Harper  ................................................................... 4

B.        Declaration of Holly B. Williams .................................................................. 7

          1.    AAA Employment Arbitration Rules and Mediation Procedures  .......... 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MICHAEL E. HARPER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 6:16-CV-00019-C |
| | § | |
| WOODMEN OF THE WORLD | § | |
| LIFE INSURANCE SOCIETY, | § | |
| Defendant. | § | JURY DEMAND |

## DECLARATION UNDER PENALTY OF PERJURY OF MICHAEL E. HARPER

1.      "My name is Michel E. Harper. I am over the age of 18 and duly qualified to make this Declaration. The following facts are within my personal knowledge and are true and correct.

2.      "I am the named Plaintiff in the above stated and numbered cause of action.

3.      "I currently reside in San Angelo, Texas, and have lived there for approximately 44 years.

4.      "I am currently sixty-six (66) years old.

5.      "I was hired by Woodmen Insurance Agency, Inc. dba Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society ("Woodmen") as an Area Manager in San Angelo, Texas, in January 2003.

6.      "I was demoted to the position of Field Representative on or about December 18, 2014. I retired on June 1, 2015 as a field representative. I was discriminated against on the basis of my age.

7.      "Throughout my employment I met all quotas and was never reprimanded for production.

8. "While employed by Woodmen, I signed various contracts, all of which include a 'Dispute Resolution' provision. Among other things, that provision purports to require me to share the costs of arbitration equally with Woodmen and to submit to arbitration in Douglas County, Nebraska. Omaha is the largest city in Douglas County. Omaha is approximately 832 miles. As an employee and/or independent contractor of Woodmen, I always resided, maintained an office, and worked in San Angelo, Texas.

9. "I did not have the opportunity to negotiate the terms of my employment with Woodmen. The contracts were presented to me on a take-it-or-leave-it basis. It is my belief that I would not have been hired had I attempted to make any changes to the agreements.

10. "Everything about the employment agreement was decided by Woodmen. If I wanted the job, I had to accept the terms set forth by Woodmen.

11. "Because of Woodmen's discriminatory conduct as alleged in my Original Complaint in this action, I have lost a substantial amount of my annual income, and I am living on my pension, social security, and some modest renewal commissions that I still receive from Woodmen. My current income is less than $50,000 per year.

12. "I am aware that the costs of arbitration could be high as $20,000-$40,000, or more, half of which I would be responsible if the cost-splitting provision is enforced.

13. "I cannot afford to pay the potential costs of arbitration, and if I am required to pay the AAA arbitrator fees, such fees will be prohibitively expensive and prevent me from seeking redress.

14. "In addition, travel expenses for a roundtrip plane ticket are likely to cost $400-$600, and it will take a full day to travel each way. Driving would require two days each way.

Hotel, meals, and car rental expenses for an arbitration of approximately a week are likely to cost at least $2000 or more.

15.     "If I am required to attend arbitration in Douglas County, Nebraska, the expenses of travel and the fact that all of my potential witnesses live in Texas will prevent me from seeking redress of my statutory rights.

16.     "My venue of choice to pursue my statutory rights is a trial by jury within the Northern District of Texas where I have filed this litigation and where I have paid my filing fees and jury fee.

17.     "I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED on July 15, 2016.

Michael E. Harper
Michael E. Harper

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **MICHAEL E. HARPER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 6:16-CV-00019-C** |
| | § | |
| **WOODMEN OF THE WORLD** | § | |
| **LIFE INSURANCE  SOCIETY,** | § | |
| **Defendant.** | § | |

## DECLARATION UNDER PENALTY OF PERJURY OF HOLLY B. WILLIAMS

1.      "My name is Holly B. Williams.  I am over the age of 18 and duly qualified to make this Declaration.  The following facts are within my personal knowledge and are true and correct.

2.      "I am an attorney licensed to practice law in the State of Texas.  I have been licensed since 1993.  I have been admitted to practice in the U.S. District Court for the Northern District of Texas since 1994, U.S. District Court for the Western District of Texas since 1995, and the U.S. Court of Appeals for the Fifth Circuit since 2000.  I have been Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2000.  I am also admitted to practice in New Mexico.

3.      "I am Plaintiff's attorney of record in the above-referenced matter.

4.      "I reside in Midland County, Texas."

5.      "The 'Dispute Resolution' procedure in my client's Area Manager Contract with Woodmen Insurance Agency, Inc. dba Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society ("Woodmen") purports to require Plaintiff to pay half of the costs of arbitration and to arbitrate the dispute at issue in Douglas County, Nebraska.

6.      "My client cannot afford to split the costs of the arbitrator, and would not be required to do so under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA Employment Rules"). A true and correct copy of the AAA Employment Rules is attached to this Declaration as Exhibit 1.

7.      "The Employment Rules provide for different scenarios depending on whether arbitration is required as a result of an employer-promulgated plan or individual negotiation between the parties. Based on the Declaration of Woodmen's Senior Vice President of Sales Elvis Anderson, Woodmen has approximately 1,085 Field Representatives, 114 Recruiting Sales Managers, and 27 Regional Directors, all of whom are covered by contractual alternative dispute resolution procedures if their contracts were executed in 1996 or thereafter. [Doc. 7-1 at 6, ¶ 16.] Woodmen "bargains" for the dispute resolution procedure "in an effort to contain costs of doing business and allow for an uncomplicated method for resolving disputes that may arise between it and its Field Representatives, Recruiting Sales Managers, and Regional Directors." [Doc. 7-1 at 6, ¶ 17.]

8.      "Under these circumstances, it is likely that AAA would consider Woodmen to have an employer-promulgated plan. The filing fees for an employee for an employer-promulgated plan under the AAA Employment Rules are limited to $200.

9.      If my client is required to split the costs of arbitration with Woodmen, the AAA requires an administrative fee of $350 per each hearing. The arbitrator fees vary by arbitrator but range from $350 to $750, or more, per hour. Some arbitrators charge a daily rate that ranges from $3,200 to $4,500 per day, or more. Some arbitrators also charge travel costs.

10.     "I expect that this case will require at least three to four days to arbitrate.

---

11.     "The arbitration hearing alone in this case, based on an eight hour day, could easily cost between $20,000 to $40,000, or more.  This amount does not include the cost of additional time that is customary for the arbitrator for items like the review of the pleadings, any discovery conferences, any pretrial conference, "study"/preparation time, etc.  The additional time could easily add up to 20 or more arbitrator hours for a range of $7,000 to $15,000.

12.     "The distance between Midland, Texas, and Omaha, in Douglas County, Nebraska, is about 885 miles.  The time and expense required to travel to Omaha for mediation would significantly add to the reasonable and necessary attorneys' fees that will be incurred if my client is able to go forward with the case.

13.     "My current hourly rate is $425 per hour.  Travel time will add an additional two days, or more, which amounts to approximately $6,800.  In addition, I would likely incur travel expenses of approximately $2000 for meals, transportation, and lodging.

14.     "I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED on July 15, 2016.

_____
Holly B. Williams

# Employment

## Arbitration Rules and Mediation Procedures





AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/employment**

Rules Amended and Effective November 1, 2009
Fee Schedule Amended and Effective July 1, 2016

10

## Regional Vice Presidents and Directors

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, West Virginia**
Kenneth Egger
Vice President
Phone: 215.731.2281
Email: EggerK@adr.org

**States: Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, Oregon, Utah, Washington, Wyoming**
John English
Vice President
Phone: 619.239.3051
Email: EnglishJ@adr.org

**States: Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, Wisconsin**
Jan Holdinski
Vice President
Phone: 248.352.5509
Email: HoldinskiJ@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, New York, Vermont**
Ann Lesser, Esq.
Vice President
Phone: 212.484.4084
Email: LesserA@adr.org

**States: Alabama, Arkansas, Florida, Georgia, Mississippi, North Carolina, South Carolina, Virginia**
Charles Dorsey
Director
Phone: 866.686.6024
Email: DorseyC@adr.org

**States: Rhode Island**
Heather Santo
Director
Phone: 866.293.4053
Email: SantoH@adr.org

**States: Louisiana, New Mexico, Oklahoma, Texas**
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org

## Case Management Directors

Charles Dorsey
Director
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in FL, GA**

Heather Santo
Director
Phone: 866.293.4053
Email: SantoH@adr.org
**Administers cases in AL, CT, DE, DC, IN, KY, ME, MD, MA, MI, NH, NJ, NY, NC, OH, PA, RI, SC, TN, VT, VA, WV**

Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org
**Administers cases in AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Role of the American Arbitration Association . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Legal Basis of Employment ADR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

The Fairness Issue: The Due Process Protocol . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

AAA's Employment ADR Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

AAA's Policy on Employment ADR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Notification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Costs of Employment Arbitration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Designing an ADR Program. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Alternative Dispute Resolution Options . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Open Door Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Ombuds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Peer Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Internal Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Fact-Finding. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Types of Disputes Covered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Employment Arbitration Rules and Mediation Procedures. . . . . . . . . . . . . . . . . . . . 15

    1. Applicable Rules of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    2. Notification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    3. AAA as Administrator of the Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    4. Initiation of Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    5. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    6. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    7. Administrative and Mediation Conferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    8. Arbitration Management Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    9. Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    10. Fixing of Locale (the city, county, state, territory, and/or country of the Arbitration). 19

    11. Date, Time and Place (the physical site of the hearing within the designated locale) of Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    12. Number, Qualifications and Appointment of Neutral Arbitrators. . . . . . . . . . . . . 20

    13. Party Appointed Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties . . . . . . . . . . 21

15. Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

16. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

17. Communication with Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

18. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

19. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

20. Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

21. Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

22. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

23. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

24. Postponements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

25. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

26. Majority Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

27. Dispositive Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

28. Order of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

29. Arbitration in the Absence of a Party or Representative . . . . . . . . . . . . . . . . . . . . . . 26

30. Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

31. Inspection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

32. Interim Measures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

33. Closing of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

34. Reopening of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

35. Waiver of Oral Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

36. Waiver of Objection/Lack of Compliance with These Rules . . . . . . . . . . . . . . . . . . . 28

37. Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

38. Serving of Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

39. The Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

40. Modification of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

41. Release of Documents for Judicial Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

42. Applications to Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

43. Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

44. Neutral Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

45. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

46. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

47. Suspension for Non-Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

48. Interpretation and Application of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Costs of Arbitration (including AAA Administrative Fees) . . . . . . . . . . . . . . . . . . . . . . . . 31

For Disputes Arising Out of Employer Plans: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

(i) Filing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

(ii) Hearing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

(iii) Postponement/Cancellation Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

(iv) Hearing Room Rental . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

(v) Abeyance Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

(vi) Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35


For Disputes Arising Out of Individually-Negotiated Employment Agreements
and Contracts: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35


Administrative Fee Schedules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Standard Fee Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Refunds—Standard Fee Schedule: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Flexible Fee Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Refunds—Flexible Fee Schedule: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Additional Fees Applicable to the Standard Fee and Flexible Fee Schedules . . . . . . . . 40

Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41


For Disputes Proceeding Under the Supplementary Rules for Class Action
Arbitration ("Supplementary Rules"): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41


Optional Rules for Emergency Measures of Protection . . . . . . . . . . . . . . . . . . . . . . . . . 42

O-1. Applicability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

O-2. Appointment of Emergency Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

O-3. Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

O-4. Interim Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

O-5. Constitution of the Panel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

O-6. Security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

O-7. Special Master . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

O-8. Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Employment Mediation Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

M-1. Agreement of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

M-2. Initiation of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

M-4. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

M-5. Appointment of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

M-6. Mediator's Impartiality and Duty to Disclose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

M-7. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

M-8. Duties and Responsibilities of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

M-9. Responsibilities of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

M-10. Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

M-11. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

M-12. No Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

M-13. Termination of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

M-14. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

M-15. Interpretation and Application of Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

M-16. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

M-17. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

M-18. Cost of the Mediation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

# Employment Arbitration Rules and Mediation Procedures



## Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals, and employee handbooks.

Increasingly, corporations and their employees look to the American Arbitration Association® as a resource in developing prompt and effective employment procedures for employment-related disputes.

These Rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

## Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections and other voluntary dispute resolution procedures. Millions of workers are now covered by employment ADR plans administered by the AAA®.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 30 offices worldwide and cooperative agreements with arbitral institutions in 63 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For over 80 years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the *Employment Arbitration Rules and Mediation Procedures* and the reconstitution of a select and diverse roster of expert neutrals to hear and resolve disputes, are the most recent initiatives of the Association to provide private, efficient and cost-effective procedures for out-of-court settlement of workplace disputes.

## Legal Basis of Employment ADR

Since 1990, Congress has twice re-affirmed the important role of ADR in the area of employment discrimination—in the Americans with Disabilities Act in 1990, and a year later in Section 118 of the Civil Rights Act of 1991.

The United States Supreme Court has also spoken on the importance of ADR in the employment context. In *Gilmer v. Interstate/Johnson Lane,* 500 U.S. 20, 111 S.Ct. 1647 (1991), the Supreme Court refused to invalidate Gilmer's agreement with the New York Stock Exchange that he would arbitrate disputes with his employer (Interstate/Johnson Lane) simply because he was obliged to sign it in order to work as a securities dealer whose trades were executed on the Exchange. Although the *Gilmer* Court found that the Age Discrimination in Employment Act did not preclude arbitration of age discrimination claims, it specifically declined to decide whether employment arbitration agreements were "contracts of employment" excluded under the Federal Arbitration Act.

The specific issue left open by *Gilmer* was decided 10 years later by the United States Supreme Court in *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). In Circuit City, the Supreme Court concluded that except for transportation workers such as seamen or railroad workers, the FAA covers all contracts of employment and that the Act may be used to compel arbitration of employment-related claims. While Circuit City involved only state law claims, the Supreme Court had determined previously in Gilmer that federal age discrimination claims (and presumably other federal civil rights claims) were arbitrable under the FAA.

## The Fairness Issue: The Due Process Protocol

*The Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship* was developed in 1995 by a special task force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The *Due Process Protocol*, which was endorsed by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. The *Due Process Protocol* encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The *Due Process Protocol* "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The *Due Process Protocol* has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the *Due Process Protocol.*

It has been incorporated into the *Report of the United States Secretary of Labor's Task Force in Excellence in State and Local Government* and cited with approval in numerous court opinions.

## AAA's Employment ADR Rules

On June 1, 1996, the Association issued *National Rules for the Resolution of Employment Disputes* (now known as the *Employment Arbitration Rules and Mediation Procedures).* The rules reflected the guidelines outlined in the *Due Process Protocol* and were based upon the AAA's *California Employment Dispute Resolution Rules,* which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes. The rules enabled parties to have complaints heard by an impartial person of their

Rules Amended and Effective November 1, 2009. Fee Schedule Amended and Effective July 1, 2016.

**18**
EMPLOYMENT RULES   **9**

joint selection, with expertise in the employment field. Both employers and individual employees benefit by having experts resolve their disputes without the costs and delay of litigation. The rules included procedures which ensure due process in both the mediation and arbitration of employment disputes. After a year of use, the rules were amended to address technical issues.

## AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol*. If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol*, the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

## Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association, 725 South Figueroa Street, Suite 2400, Los Angeles, CA 90017; FAX: 213.622.6199.

## Costs of Employment Arbitration

These Rules contain two separate and distinct arbitration costs sections; one for disputes arising out of employer plans and the other for disputes arising out of individually-negotiated employment agreements and contracts. When the arbitration is filed, the AAA makes an initial administrative determination as to whether the dispute arises from an employer plan or an individually-negotiated employment agreement or contract. This determination is made by reviewing the documentation provided to the AAA by the parties, including, but not limited to,

the demand for arbitration, the parties' arbitration program or agreement, and any employment agreements or contracts between the parties.

When making its determination on the applicable costs of arbitration section in a given arbitration, the AAA's review is focused on two primary issues. The first component of the review focuses on whether the arbitration program and/or agreement between the individual employee and the employer is one in which it appears that the employer has drafted a standardized arbitration clause with its employees. The second aspect of the review focuses on the ability of the parties to negotiate the terms and conditions of the parties' agreement.

If a party disagrees with the AAA's initial determination, the parties may bring the issue to the attention of the arbitrator for a final determination.

## Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception. The American Arbitration Association has considerable experience in administering and assisting in the design of employment ADR plans, which gives it an informed perspective on how to effectively design ADR systems, as well as the problems to avoid. Its guidance to those designing employment ADR systems is summarized as follows:

» The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom.

» A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review and internal mediation.

» The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

» Programs which use arbitration as a final step may employ:

  • pre-dispute, voluntary final and binding arbitration;

  • pre-dispute, mandatory nonbinding arbitration;

  • pre-dispute, mandatory final and binding arbitration; or

  • post-dispute, voluntary final and binding arbitration.

» Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *Employment Arbitration Rules and Mediation Procedures.*

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide,* which is available from the AAA's website, **www.adr.org.**

## Alternative Dispute Resolution Options

### Open Door Policy

Employees are encouraged to meet with their immediate manager or supervisor to discuss problems arising out of the workplace environment. In some systems, the employee is free to approach anyone in the chain of command.

### Ombuds

A neutral third party (either from within or outside the company) is designated to confidentially investigate and propose settlement of employment complaints brought by employees.

### Peer Review

A panel of employees (or employees and managers) works together to resolve employment complaints. Peer review panel members are trained in the handling of sensitive issues.

### Internal Mediation

A process for resolving disputes in which a neutral third person from within the company, trained in mediation techniques, helps the disputing parties negotiate a mutually acceptable settlement. Mediation is a nonbinding process in which the parties discuss their disputes with an impartial person who assists them in reaching a settlement. The mediator may suggest ways of resolving the dispute but may not impose a settlement on the parties.

### Fact-Finding

The investigation of a complaint by an impartial third person (or team) who examines the complaint and the facts and issues a nonbinding report. Fact-finding is particularly helpful for allegations of sexual harassment, where a fact-finding team, composed of one male and one female neutral, investigates the allegations and presents its findings to the employer and the employee.

### Arbitration

Arbitration is generally defined as the submission of disputes to one or more impartial persons for final and binding determination. It can be the final step in

a workplace program that includes other dispute resolution methods. There are many possibilities for designing this final step.

They include:

» **Pre-Dispute, Voluntary Final and Binding Arbitration**
  The parties agree in advance, on a voluntary basis, to use arbitration to resolve disputes and they are bound by the outcome.

» **Pre-Dispute, Mandatory Nonbinding Arbitration**
  The parties must use the arbitration process to resolve disputes, but they are not bound by the outcome.

» **Pre-Dispute, Mandatory Final and Binding Arbitration**
  The parties must arbitrate unresolved disputes and they are bound by the outcome.

» **Post-Dispute, Voluntary Final and Binding Arbitration**
  The parties have the option of deciding whether to use final and binding arbitration after a dispute arises.

## Types of Disputes Covered

The dispute resolution procedures contained in this booklet were developed for arbitration agreements contained in employee personnel manuals, an employment application of an individual employment agreement, other types of employment agreements, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements or independent contractor agreements.

# Employment Arbitration Rules and Mediation Procedures

## 1. Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its *Employment Arbitration Rules and Mediation Procedures* or for arbitration by the AAA of an employment dispute without specifying particular rules*. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court. These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA.

*\* The National Rules for the Resolution of Employment Disputes have been re-named the Employment Arbitration Rules and Mediation Procedures. Any arbitration agreements providing for arbitration under its National Rules for the Resolution of Employment Disputes shall be administered pursuant to these Employment Arbitration Rules and Mediation Procedures.*

## 2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

   **i.**   notify the Association of its intention to do so and,

   **ii.**   provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

### 3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

### 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner.

**a.** The parties may submit a joint request for arbitration.

**b.** In the absence of a joint request for arbitration:

    **(i)** The initiating party (hereinafter "Claimant[s]") shall:

        **(1)** File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

        **(2)** Simultaneously provide a copy of the Demand to the other party (hereinafter "Respondent[s]").

        **(3)** Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

    **(ii)** The Respondent(s) may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Claimant. If no answering statement is filed within the stated time, Respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

    **(iii)** The Respondent(s):

        **(1)** May file a counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

**(2)** Simultaneously shall send a copy of any counterclaim to the Claimant.

**(3)** Shall include with its filing the applicable filing fee provided for by these rules.

**(iv)** The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.

**c.** The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Jurisdiction

**a.** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

**b.** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**c.** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative

of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Procedures to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual written agreement of the parties. There is no additional filing fee for initiating a mediation under the AAA Mediation Procedures for parties to a pending arbitration.

## 8. Arbitration Management Conference

As promptly as practicable after the selection of the arbitrator(s), but not later than 60 days thereafter, an arbitration management conference shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the Arbitration Management Conference will be conducted by telephone conference call rather than in person. At the Arbitration Management Conference the matters to be considered shall include, without limitation:

   **i.**    the issues to be arbitrated;
   **ii.**   the date, time, place, and estimated duration of the hearing;
   **iii.**  the resolution of outstanding discovery issues and establishment of discovery parameters;
   **iv.**   the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;
   **v.**    the exchange of stipulations and declarations regarding facts, exhibits, witnesses, and other issues;
   **vi.**   the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;
   **vii.**  the value of bifurcating the arbitration into a liability phase and damages phase;
   **viii.** the need for a stenographic record;
   **ix.**   whether the parties will summarize their arguments orally or in writing;
   **x.**    the form of the award;
   **xi.**   any other issues relating to the subject or conduct of the arbitration;

**xii.** the allocation of attorney's fees and costs;

**xiii.** the specification of undisclosed claims;

**xiv.** the extent to which documentary evidence may be submitted at the hearing;

**xv.** the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;

**xvi.** any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

## 10. Fixing of Locale (the city, county, state, territory, and/or country of the Arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in

Rules Amended and Effective November 1, 2009. Fee Schedule Amended and Effective July 1, 2016.

28

EMPLOYMENT RULES  **19**

scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the mediation hearing date, unless otherwise agreed by the parties.

## 12. Number, Qualifications and Appointment of Neutral Arbitrators

a. If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.

b. Qualifications

   i. Neutral arbitrators serving under these rules shall be experienced in the field of employment law.

   ii. Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

   iii. The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.

   iv. The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

c. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

   i. Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

   ii. If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.

   iii. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

## 13. Party Appointed Arbitrators

a. If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.

b. Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

c. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

d. If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## 14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

a. If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

b. If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

c. If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## 15. Disclosure

a. Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the

parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

**b.** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**c.** In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## 16. Disqualification of Arbitrator

**a.** Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

   **i.** partiality or lack of independence,

   **ii.** inability or refusal to perform his or her duties with diligence and in good faith, and

   **iii.** any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

**b.** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## 17. Communication with Arbitrator

**a.** No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

**b.** Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

## 18. Vacancies

a.  If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

b.  In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

c.  In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcripts agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## 28. Order of Proceedings

A hearing may be opened by: (1) recording the date, time, and place of the hearing; (2) recording the presence of the arbitrator, the parties, and their representatives, if any; and (3) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute. When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including web conferencing, internet communication, telephonic conferences and means other than an in-person presentation of evidence. Such alternative means must still afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to direct and cross-examination.

The arbitrator, in exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute, may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

## 29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

## 30. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party or arbitrator is absent, in default, or has waived the right to be present, however "presence" should not be construed to mandate that the parties and arbitrators must be physically present in the same location.

An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 31. Inspection

Upon the request of a party, the arbitrator may make an inspection in connection with the arbitration. The arbitrator shall set the date and time, and the AAA shall

notify the parties. In the event that one or all parties are not present during the inspection, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 32. Interim Measures

At the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, as stated in Rule 39(d), Award.

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## 33. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Rule 30 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 34. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for good cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

## 35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, upon the appointment of the arbitrator, the arbitrator shall specify a fair and equitable procedure.

## 36. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object.

## 37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 38. Serving of Notice

a.  Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

b.  The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

c.  Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 39. The Award

a.  The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. Three additional

days are provided if briefs are to be filed or other documents are to be transmitted pursuant to Rule 30.

**b.** An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

**c.** The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

**d.** The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

**e.** If the parties settle their dispute during the course of the arbitration and mutually request, the arbitrator may set forth the terms of the settlement in a consent award.

**f.** The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

**g.** The arbitrator's award shall be final and binding.

## 40. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

## 41. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 42. Applications to Court

a. No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

b. Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

c. Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

d. Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

## 43. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Costs of Arbitration section. The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at **www.adr.org).**

## 44. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

Arbitrator compensation shall be borne in accordance with the Costs of Arbitration section.

## 45. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

## 46. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

## 47. Suspension for Non-Payment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate the proceedings.

## 48. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

## Costs of Arbitration (including AAA Administrative Fees)

This Costs of Arbitration section contains two separate and distinct sub-sections. Initially, the AAA shall make an administrative determination as to whether the dispute arises from an employer plan or an individually-negotiated employment agreement or contract.

If a party disagrees with the AAA's determination, the parties may bring the issue to the attention of the arbitrator for a final determination. The arbitrator's determination will be made on documents only, unless the arbitrator deems a hearing is necessary.

## For Disputes Arising Out of Employer Plans*:

Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. The employer shall pay the arbitrator's compensation unless the employee, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses as defined in section (iv) below, and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

*\* Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your house hold. Please contact Case Filing Services at 877-495-4185 if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003.)*

A party making a demand for treatment of a claim, counterclaim, or additional claim as a collective action arbitration will be subject to the administrative fees as outlined in the standard and flexible fee schedules below. Arbitrator compensation is not included as a part of the administrative fees charged by the AAA. Arbitrator compensation in cases involving a collective action claim will be charged in accordance with the determination as to whether the dispute arises from an employer plan or an individually negotiated employment agreement or contract.

### (i) Filing Fees

### Cases Filed by Employee Against Employer

In cases before a single arbitrator, a non-refundable filing fee capped in the amount of $200 is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A non-refundable fee in the amount of $1,500 is payable in full by the employer, unless the plan provides that the employer pay more.

In cases before three or more arbitrators, a non-refundable filing fee capped in the amount of $200 is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A non-refundable fee in the amount of $1,950 is payable in full by the employer, unless the plan provides that the employer pay more.

Rules Amended and Effective November 1, 2009. Fee Schedule Amended and Effective July 1, 2016.

**42**
EMPLOYMENT RULES   **33**

The employer's share is due as soon as the employee meets his or her filing requirements, even if the matter settles.

There shall be no filing fee charged for a counterclaim. If a determination is made that the dispute arises out of an individually-negotiated employment agreement, the filing fee for a counterclaim will be charged in accordance with the fee schedules below for disputes arising out of individually negotiated employment agreements.

The above fee schedule will also apply where the employer files on behalf of the employee pursuant to the terms of the employer plan.

### Cases Filed by Employer Against Employee

In cases before a single arbitrator, a non-refundable fee in the amount of $1,700 is payable in full by the employer.

In cases before three or more arbitrators, a non-refundable fee in the amount of $2,150 is payable in full by the employer.

There shall be no filing fee charged for a counterclaim. If a determination is made that the dispute arises out of an individually-negotiated employment agreement, the filing fee for a counterclaim will be charged in accordance with the fee schedules below for disputes arising out of individually-negotiated employment agreements.

### (ii) Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $350 is payable by the employer.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $500 is payable by the employer.

There is no AAA hearing fee for the initial Arbitration Management Conference.

### (iii) Postponement/Cancellation Fees

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

### (iv) Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the employer.

### (v) Abeyance Fee

Parties on cases held in abeyance for one year will be assessed an annual abeyance fee of $300. A case may only be held in abeyance after the initial filing fees have been paid. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed.

### (vi) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the employer.

## For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts:

The AAA's Fee Schedule, as modified below, will apply to disputes arising out of individually-negotiated employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer plan. Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment.

# Administrative Fee Schedules

For all cases determined to be international by the AAA–ICDR, the International Fee Schedule shall apply. An international case is generally defined as having either the place of arbitration or performance of the agreement outside the United States, or having an arbitration agreement between parties from different countries. To view the International Fee Schedule, visit **info.adr.org/internationalfeeschedule.**

The AAA offers parties two options for the payment of administrative fees.

For both schedules, administrative fees are based on the amount of the claim or counterclaim and are to be paid by the party bringing the claim or counterclaim at the time the demand or claim is filed with the AAA. Arbitrator compensation is not included in either schedule. Unless the parties' agreement provides otherwise, arbitrator compensation and administrative fees are subject to allocation by an arbitrator in an award.

**Standard Fee Schedule:** A two-payment schedule that provides for somewhat higher initial filing fees, but lower overall administrative fees for cases that proceed to a hearing.

**Flexible Fee Schedule:** A three-payment schedule that provides for lower initial filing fee, and then spreads subsequent payments out over the course of the arbitration. Total administrative fees will be somewhat higher for cases that proceed to a hearing.

The Standard Fee Schedule begins on the next page.

Standard Fee Schedule

| Amount of Claim | Initial Filing Fee | Final Fee |
|---|---|---|
| Up to $75,000 | $750 | $800 |
| > $75,000 to $150,000 | $1,750 | $1,250 |
| > $150,000 to $300,000 | $2,650 | $2,000 |
| > $300,000 to $500,000 | $4,000 | $3,500 |
| > $500,000 to $1,000,000 | $5,000 | $6,200 |
| > $1,000,000 to $10,000,000 | $7,000 | $7,700 |
| > $10,000,000 | $10,000 plus .01% of the claim amount above $10,000,000 up to $65,000 | $12,500 |
| Undetermined Monetary Claims | $7,000 | $7,700 |
| Nonmonetary Claims | $3,250 | $2,500 |
| Collective Action Claims | $3,250 | $2,500 |
| Deficient Claim Filing Fee | $500 | |
| Additional Party Fees | If there are more than two separately represented parties in the arbitration, an additional 10% of each fee contained in these fee schedules will be charged for each additional separately represented party.  However, Additional Party Fees will not exceed 50% of the base fees contained in these fee schedules unless there are more than 10 separately represented parties. *See below for additional details.* | |

- The **Initial Filing Fee** is payable in full by a filing party when a claim, counterclaim, or additional claim is filed.

- The **Final Fee** will be incurred for all cases that proceed to their first hearing and is payable in advance at the time the first hearing is scheduled.

- **Fee Modifications:** Fees are subject to increase if the claim or counterclaim is increased after the initial filing date. Fees are subject to decrease if the claim or counterclaim decreases prior to the first hearing.

- **Cases with Three or More Arbitrators** are subject to a minimum Initial Filing Fee of $4,000 and a Final Fee of $3,500.

**Refunds—Standard Fee Schedule:**

**Initial Filing Fees:** Subject to a $500 minimum non-refundable Initial Filing Fee for all cases, refunds of Initial Filing Fees for settled or withdrawn cases will be calculated from the date the AAA receives the demand for arbitration as follows:

- within 5 calendar days of filing—100%
- between 6 and 30 calendar days of filing—50%
- between 31 and 60 calendar days of filing—25%

However, *no refunds will be made once:*

- any arbitrator has been appointed (including one arbitrator on a three-arbitrator panel).
- an award has been rendered.

**Final Fees:** If a case is settled or withdrawn prior to the first hearing taking place, all Final Fees paid will be refunded. However, if the AAA is not notified of a cancellation at least 24 hours before a scheduled hearing date, the Final fee will remain due and will not be refunded.

The Flexible Fee Schedule begins on the next page.

Flexible Fee Schedule

| Amount of Claim | Initial Filing Fee | Proceed Fee | Final Fee |
|---|---|---|---|
| Up to $75,000 | Only available for claims above $150,000 | | |
| >$75,000 to $150,000 | | | |
| >$150,000 to $300,000 | $1,650 | $1,700 | $2,000 |
| >$300,000 to $500,000 | $2,000 | $3,000 | $3,500 |
| >$500,000 to $1,000,000 | $2,500 | $4,300 | $6,200 |
| >$1,000,000 to $10,000,000 | $3,500 | $5,700 | $7,700 |
| >$10,000,000 | $5,000 | $9,000 plus .01% of the claim amount above $10,000,000 up to $65,000 | $12,500 |
| Undetermined Monetary Claims | $3,500 | $5,700 | $7,700 |
| Nonmonetary Claims | $2,000 | $2,250 | $2,500 |
| Collective Action Claims | $2,000 | $2,250 | $2,500 |
| Deficient Filing Fee | $500 | | |
| Additional Party Fees | If there are more than two separately represented parties in the arbitration, an additional 10% of each fee contained in these fee schedules will be charged for each additional separately represented party. However, Additional Party Fees will not exceed 50% of the base fees contained in these fee schedules unless there are more than 10 separately represented parties. *See below for additional details.* | | |

- The **Initial Filing Fee** is payable in full by a filing party when a claim, counterclaim, or additional claim is filed.

- The **Proceed Fee** must be paid within 90 days of the filing of the demand for arbitration or a counterclaim before the AAA will proceed with the further administration of the arbitration, including the arbitrator appointment process.

  - If a Proceed Fee is not submitted within 90 days of the filing of the Claimant's Demand for Arbitration, the AAA will administratively close the file and notify all parties.

  - If the Flexible Fee Schedule is being used for the filing of a counterclaim, the counterclaim will not be presented to the arbitrator until the Proceed Fee is paid.

Rules Amended and Effective November 1, 2009. Fee Schedule Amended and Effective July 1, 2016.

48
EMPLOYMENT RULES   39

- The **Final Fee** will be incurred for all cases that proceed to their first hearing and is payable in advance at the time the first hearing is scheduled.

- **Fee Modifications:** Fees are subject to increase if the claim or counterclaim is increased after the initial filing date. Fees are subject to decrease if the claim or counterclaim decreases prior to the first hearing.

- **Cases with Three or More Arbitrators** are subject to a minimum Initial Filing Fee of $2,000, a $3,000 Proceed Fee and a Final Fee of $3,500.

### Refunds—Flexible Fee Schedule:

Under the Flexible Fee Schedule, Filing Fees and Proceed Fees are ***non-refundable*** once incurred.

**Final Fees:** If a case is settled or withdrawn prior to the first hearing taking place, all Final Fees paid will be refunded. However, if the AAA is not notified of a cancellation at least 24 hours before a scheduled hearing date, the Final fee will remain due and will not be refunded.

## Additional Fees Applicable to the Standard Fee and Flexible Fee Schedules

**Additional Party Fees:** Additional Party Fees will be charged as described above, and in addition:

- Additional Party Fees are payable by the party, whether a claimant or respondent, that names the additional parties to the arbitration.

- Such fees shall not exceed 50% of the base fees in the fee schedule, except that the AAA reserves the right to assess additional fees where there are more than 10 separately represented parties.

- An example of the Additional Party Fee is as follows: A single claimant represented by one attorney brings an arbitration against three separate respondents, however both respondents are represented by the same attorney. No Additional Party Fees are due. However, if the respondents are represented by different attorneys, or if one of the respondents is self-represented and the other is represented by an attorney, an additional 10% of the Initial Filing fee is charged to the claimant. If the case moves to the Proceed Fee stage or the Final Fee stage, an additional 10% of those fees will also be charged to the claimant.

**Incomplete or Deficient Filings:** Where the applicable arbitration agreement does not reference the AAA, the AAA will attempt to obtain the agreement of the all parties to have the arbitration administered by the AAA.

• Where the AAA is unable to obtain the parties' agreement to have the AAA administer the arbitration, the AAA will not proceed further and will administratively close the case. The AAA will also return the filing fees to the filing party, less the amount specified in the fee schedule above for deficient filings.

• Parties that file Demands for Arbitration that are incomplete or otherwise do not meet the filing requirements contained in the rules shall also be charged the amount specified above for deficient filings if they fail or are unable to respond to the AAA's request to correct the deficiency.

**Arbitrations in Abeyance:** Cases held in abeyance by mutual agreement for one year will be assessed an annual abeyance fee of $500, to be split equally among the parties. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the arbitration will be administratively closed. All filing requirements, including the payment of filing fees, must be met before a matter will be placed in abeyance.

**Fees for Additional Services:** The AAA reserves the right to assess additional administrative fees for services performed by the AAA that go beyond those provided for in the AAA's rules, but which are required as a result of the parties' agreement or stipulation.

**Hearing Room Rentals:** The fees described above do not cover the cost of hearing rooms, which are available on a rental basis. Check with the AAA for availability and rates.

## Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne equally by the parties.

## For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules"):

The AAA's Administered Fee Schedule, as listed in Section 11 of the Supplementary Rules for Class Action Arbitration, shall apply to disputes proceeding under the Supplementary Rules.

## Optional Rules for Emergency Measures of Protection

### O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

### O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

### O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

### O-4. Interim Award

If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

### O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

### O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

### O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

### O-8. Costs

The costs associated with applications for emergency relief shall be apportioned in the same manner as set forth in the Costs of Arbitration section.

## Employment Mediation Procedures

### M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedures, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

### M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a Request for Mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for Mediation may also be filed online via AAA WebFile® at **www.adr.org.**

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

i. A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.

ii. The names, regular mail addresses, email addresses (if available), and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.

iii. A brief statement of the nature of the dispute and the relief requested.

iv. Any specific qualifications the mediator should possess.

Where there is no preexisting stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the AAA, a party may request the AAA to invite another party to participate in "mediation by voluntary submission". Upon receipt of such a request, the AAA will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

## M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation)

i. When the parties' agreement to mediate is silent with respect to locale and the parties are unable to agree upon a locale, the AAA shall have the authority to consider the parties' arguments and determine the locale.

ii. When the parties' agreement to mediate requires a specific locale, absent the parties' agreement to change it, the locale shall be that specified in the agreement to mediate.

iii. If the reference to a locale in the agreement to mediate is ambiguous, the AAA shall have the authority to consider the parties' arguments and determine the locale.

## M-4. Representation

Any party may participate without representation *(pro se),* or by any representative of that party's choosing, or by counsel, unless such choice is prohibited by applicable law. A party intending to have representation shall notify the other party and the AAA of the name, telephone number and address, and email address if available of the representative.

## M-5. Appointment of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators at **www.mediation.org** in an effort to agree on a mediator. If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

i. Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.

ii. If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable to that party. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

iii. If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

### M-6. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

### M-7. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-5.

### M-8. Duties and Responsibilities of the Mediator

   i.  The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

   ii. The mediator is authorized to conduct separate or ex parte meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications

may be conducted via telephone, in writing, via email, online, in person or otherwise.

iii. The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

iv. The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

v. In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

vi. The mediator is not a legal representative of any party and has no fiduciary duty to any party.

vii. The mediator shall set the date, time, and place for each session of the mediation conference. The parties shall respond to requests for conference dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established conference schedule. The AAA shall provide notice of the conference to the parties in advance of the conference date, when timing permits.

## M-9. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference. Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-10. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-11. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

   i.  Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

   ii.  Admissions made by a party or other participant in the course of the mediation proceedings;

   iii.  Proposals made or views expressed by the mediator; or

   iv.  The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-12. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-13. Termination of Mediation

The mediation shall be terminated:

   i.  By the execution of a settlement agreement by the parties; or

   ii.  By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

   iii.  By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or

   iv.  When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

## M-14. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures. Parties to a mediation under these procedures may not call the mediator, the AAA or AAA employees as a witness in litigation or any other proceeding relating to the mediation. The mediator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

## M-15. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

## M-16. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

## M-17. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

## M-18. Cost of the Mediation

A $250 non-refundable deposit, which will be applied toward the cost of mediation, is required to initiate the AAA's administration of the mediation and appointment of the mediator.

The cost of mediation is based on the hourly or daily mediation rate published on the mediator's AAA profile. In addition, the parties will be assessed an administrative fee for the AAA's services of $75 for each hour charged by the mediator. There is a four-hour or one-half day minimum charge for a mediation

conference. Expenses referenced in Section M-17 of the Mediation Procedures may also apply.

If a matter submitted for mediation is withdrawn or cancelled or results in a settlement after the request to initiate mediation is filed but prior to the mediation conference, the cost is $250 (to which the deposit will be applied), plus any mediator time and charges incurred. These costs shall be borne by the initiating party unless the parties agree otherwise.

If you have questions about mediation costs or services visit **www.adr.org** or contact your local AAA office.

Rules Amended and Effective November 1, 2009. Fee Schedule Amended and Effective July 1, 2016.

60
EMPLOYMENT RULES   **51**

*© 2016 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the*
*American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services.*
*Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws.*
*Please contact 800.778.7879 or websitemail@adr.org for additional information.*

# Regional Vice Presidents and Directors

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, West Virginia**
Kenneth Egger
Vice President
Phone: 215.731.2281
Email: EggerK@adr.org

**States: Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, Oregon, Utah, Washington, Wyoming**
John English
Vice President
Phone: 619.239.3051
Email: EnglishJ@adr.org

**States: Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, Wisconsin**
Jan Holdinski
Vice President
Phone: 248.352.5509
Email: HoldinskiJ@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, New York, Vermont**
Ann Lesser, Esq.
Vice President
Phone: 212.484.4084
Email: LesserA@adr.org

**States: Alabama, Arkansas, Florida, Georgia, Mississippi, North Carolina, South Carolina, Virginia**
Charles Dorsey
Director
Phone: 866.686.6024
Email: DorseyC@adr.org

**States: Rhode Island**
Heather Santo
Director
Phone: 866.293.4053
Email: SantoH@adr.org

**States: Louisiana, New Mexico, Oklahoma, Texas**
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org

---

## Case Management Directors

Charles Dorsey
Director
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in FL, GA**

Heather Santo
Director
Phone: 866.293.4053
Email: SantoH@adr.org
**Administers cases in AL, CT, DE, DC, IN, KY, ME, MD, MA, MI, NH, NJ, NY, NC, OH, PA, RI, SC, TN, VT, VA, WV**

Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org
**Administers cases in AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

AMERICAN ARBITRATION ASSOCIATION®